The document below is hereby signed.

Signed: February 18, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAPARDELLE 1068, INC., | ) | Case No. 19-00554 |
| | ) | (Chapter 11) |
|     Debtor in Possession. | ) | |
| _____ | ) | |
| | ) | |
| PAPARDELLE 1068, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | Adversary Proceeding No. |
| DISTRICT OF COLUMBIA, *et al.*, | ) | 19-10035 |
| | ) | |
| | ) | Not for publication in |
|     Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
MOTION OF THE DISTRICT OF COLUMBIA FOR COURT TO ABSTAIN FROM
RULING ON DEBTOR'S COMPLAINT AND TO DISMISS ADVERSARY PROCEEDING

Papardelle 1068, Inc. ("Papardelle") is the debtor in the bankruptcy case within which this adversary proceeding was filed. Papardelle acquired assets from Rotini, Inc. that were subject to tax liens of the District of Columbia and the Internal Revenue Service.  Papardelle did not become personally liable for the tax

liabilities of Rotini, Inc.  However, the tax liens on Rotini, Inc.'s property acquired by Papardelle remained attached to such property upon Papardelle's acquiring the property.  They also attached to any proceeds of such property.  *See Phelps v. United States*, 421 U.S. 330, 334-35 (1975).

Papardelle seeks to determine which of its current assets are subject to those tax liens.  The extent of the tax liens is critical to Papardelle's attempt to obtain a confirmed plan because any such plan must provide for the allowed secured claims of the District of Columbia and the Internal Revenue Service.  To fix the amount of those allowed secured claims, the court must determine which of Papardelle's assets are subject to the tax liens for Rotini, Inc.'s tax liabilities, the value of such assets, and the priorities of the competing liens.  That is the purpose of this adversary proceeding.

The District of Columbia has filed a *Motion of the District of Columbia for Court to Abstain from Ruling on Debtor's Complaint in its Adversary Proceeding to Determine Validity, Priority, and Extent of Tax Liens on Property of Debtor's Estate and to Dismiss Adversary Proceeding* (Dkt. No. 11).  It argues that pursuant to 28 U.S.C. § 1334(c)(1), this court should abstain from hearing this adversary proceeding as it involves the reach of the District's tax liens on "property (including rights to property)" within the meaning of the District of Columbia tax

lien statute, D.C. Code § 47-4421(a).  The District of Columbia argues that the issue of what is property or rights to property within the meaning of that statute is a state law question, and that this court should let those questions be heard by the Tax Division of the Superior Court of the District of Columbia.

Abstention would be inappropriate.  The jurisdiction of the Tax Division of the Superior Court does not extend to determining the reach of tax liens.  Under D.C. Code § 11-1201:

> The Tax Division of the Superior Court shall be assigned exclusive jurisdiction of—
>
>> (1) all appeals from and petitions for review of assessments of tax (and civil penalties thereon) made by the District of Columbia; and
>
>> (2) all proceedings brought by the District of Columbia for this imposition of criminal penalties pursuant to the provisions of the statutes relating to taxes levied by or in behalf of the District of Columbia.

Papardelle's claims within this adversary proceeding do not fit within that jurisdiction.  Papardelle is not seeking review of the assessments of tax made against Rotini, Inc.

Even if the dispute could be brought elsewhere in the Superior Court, there is no reason for this court to abstain. First, bankruptcy courts routinely decide what property belongs to a debtor.  Here, the inquiry is what property held by Papardelle, a debtor, is property acquired from Rotini, Inc., or are proceeds of property acquired from Rotini, Inc.  Second, Federal courts routinely decide what is property or rights to

property of a taxpayer to which federal tax liens attached, and what are proceeds of such property to which such tax liens attached.  There does not appear to be any dispute that whatever assets Papardelle acquired from Rotini, Inc., and the proceeds of such assets are property subject to the tax liens.  In other words, there is no need to decide what assets acquired from Rotini, Inc. are "property (including rights to property)" within the meaning of the District of Columbia tax lien statutes.  The issue here is an issue of identifying the property acquired from Rotini, Inc. and the proceeds of such property.  The District of Columbia does not point to any reason why the Superior Court of the District of Columbia would have any greater expertise in addressing such questions than this court.

Moreover, the court will have to address those same issues as to the federal tax liens that arose under 26 U.S.C. § 6321 upon "all property and rights to property, whether real or personal, belonging to" the taxpayer, here, Rotini, Inc.  It does not make sense to have identical issues addressed here as to the federal tax liens and also in the D.C. Superior Court as to the District's tax liens.

In addition, in order to determine the allowed secured claims of the District and of the Internal Revenue Service under 11 U.S.C. § 506(a), a provision of federal law, not District of Columbia law, it will be necessary, as requested by Papardelle's

4

complaint, to fix the value of the assets to which the liens are attached. The District has not explained how the Superior Court would have jurisdiction to decide that issue.

Further, Papardelle's complaint seeks determinations that the Internal Revenue Service's tax liens in the amount of $469,510.55 were perfected prior to the District of Columbia's tax liens,[1] and thus take priority over the District of Columbia's tax liens; that the amount of the Internal Revenue Service's tax liens exceeds the value of Papardelle's assets subject to the tax liens; and that as a result, under 11 U.S.C. § 506(a), the District of Columbia has no allowed secured claim.[2] Papardelle's claim regarding which of the competing District of Columbia and federal tax liens take priority ought to be decided in this court.

Finally, Papardelle needs to have this adversary proceeding decided in order to fix the amount of the allowed secured claims

---

[1] By "perfected" Papardelle is presumably referring to when notices of the tax liens were filed.

[2] The District of Columbia asserts claims for unpaid "sales and use tax" and various other taxes in Rotini, Inc.'s bankruptcy case. By reason of D.C. Code § 47-2012, applicable to sales taxes, Papardelle's contention that the federal tax liens take priority over the District of Columbia's tax liens may not be true in the case of sales tax liens. *See Internal Revenue Service v. District of Columbia (In re WPG, Inc.)*, 282 B.R. 66, 67 (D.D.C. 2002), *aff'g* 266 B.R. 2773 (Bankr. D.D.C. 2001). However, the compensating-use tax provisions of Chapter 22 of title 47 of the D.C. Code do not appear to incorporate D.C. Code § 47-2012.

to be addressed by a plan.  That also weighs in favor of not abstaining.

It is

ORDERED that the *Motion of the District of Columbia for Court to Abstain from Ruling on Debtor's Complaint in its Adversary Proceeding to Determine Validity, Priority, and Extent of Tax Liens on Property of Debtor's Estate and to Dismiss Adversary Proceeding* (Dkt. No. 11) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.