The document below is hereby signed.

Signed: July 16, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAPARDELLE 1068, INC., | ) | Case No. 19-00554 |
| | ) | (Chapter 11) |
|     Debtor in Possession. | ) | |
| _____ | ) | |
| | ) | |
| PAPARDELLE 1068, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | Adversary Proceeding No. |
| DISTRICT OF COLUMBIA, *et al.*, | ) | 19-10035 |
| | ) | |
| | ) | Not for publication in |
|     Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DIRECTING PARTIES
TO SHOW CAUSE, IF THE BANKRUPTCY CASE IS DISMISSED,
WHY THIS ADVERSARY PROCEEDING OUGHT NOT BE DISMISSED,
AND TO SHOW CAUSE, IF THE BANKRUPTCY CASE IS CONVERTED TO
<u>CHAPTER 7, WHY THIS ADVERSARY PROCEEDING OUGHT NOT BE STAYED</u>

I have decided to dismiss the bankruptcy case of Papardelle 1068, Inc. ("Papardelle") within which this adversary proceeding began (with Papardelle given a short window of opportunity to seek to have the case converted to Chapter 7 instead).

I

ISSUE OF NOT RETAINING JURISDICTION OVER
THE ADVERSARY PROCEEDING IF THE BANKRUPTCY CASE IS DISMISSED

Even once a bankruptcy case is dismissed, subject matter jurisdiction is tested as of the date an adversary proceeding began, and the dismissal of the main case does not automatically strip the court of subject matter jurisdiction. *Swinson v. Coates & Lane, Inc. (In re Swinson)*, No. 00-00507, 2004 WL 3779953, at *3 (Bankr. D.D.C. July 27, 2004), citing and quoting *In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995), and citing, 65 F.3d 78, 80-82 (7th Cir. 1995); *In re Querner*, 7 F.3d 1199, 1201-02 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992) (per curiam); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989). Nevertheless, if the bankruptcy case here is dismissed, the adversary proceeding will serve no purpose.

The complaint addresses the tax liens of the defendants, the Internal Revenue Service ("IRS") and the District of Columbia Office of Tax and Revenue ("OTR") for tax debts of Rotini, Inc. on Papardelle's interest in the "Business Assets" of Rotini, Inc. that have been acquired by Papardelle. The Business Assets were sold, subject to existing liens, pursuant to a sale order of this court in *In re Rotini, Inc.*, Case No. 17-00270, and were later acquired by Papardelle. The sale order provided for a sale, subject to the liens of the IRS and OTR, of:

> the business assets of [Rotini, Inc.], including the estate's interest in a lease for the restaurant premises (the "Lease"); items of furniture, fixtures and equipment owned by [Rotini, Inc.] at or on property located at 1068 31st Street, NW, Washington, D.C. 20007 (the "Premises"); and other tangible and intangible personal property and supplies owned by Rotini, Inc. and used in connection with the restaurant, including all licenses and permits (to the extent transferable and only to the extent of [Rotini, Inc.'s] interest therein) including the alcoholic beverage license for the Premises (collectively, the "Business Assets").

The complaint prayed for an order determining:

> (1) that the IRS holds a secured claim for the value of Papardelle's interest in the Business Assets;
>
> (2) that Papardelle has no liability for the balance of the IRS claim over 's interest in the Business Assets;
>
> (3) that Papardelle has no liability for the OTR claim; and
>
> (4) granting such other and further relief as is just.

The complaint was a proceeding under 11 U.S.C. § 506(a) to determine the amounts of any allowed secured claims of the IRS and OTR.  Incident to a plan in the bankruptcy case, Papardelle could provide for payment of whatever were the amounts of those allowed secured claims.  If the IRS liens take priority over the OTR liens, and the IRS liens exceed the value of the Business Assets formerly owned by Rotini, Inc., then under 11 U.S.C. § 506(a), OTR would have no allowed secured claim in Papardelle's case based on its liens against the Business Assets for Rotini, Inc.'s debts, and would have no unsecured claim in Papardelle's case for Rotini, Inc.'s debts (because Papardelle did not agree

3

to be personally liable for Rotini, Inc.'s tax debts). Papardelle filed a motion for summary judgment seeking a determination that Papardelle's furniture, fixtures, and equipment have a value of $21,727.00, and noted (in a reply to an opposition) that Papardelle's proposed Chapter 11 plan would "surrender all other collateral to the Class of secured creditors.  Thus, only the value of the furniture, fixtures, and equipment being retained by the Debtor remains relevant."

Once Papardelle is no longer in bankruptcy, 11 U.S.C. § 506(a) will have no effect on the rights of the two defendants. Both the IRS and OTR will still have liens on the Business Assets.  The court would have no basis to declare that OTR has no lien against the Business Assets even if that lien is worthless because of superior federal tax liens.  Moreover, a determination of the value of the furniture, fixtures, and equipment would have no binding effect on the IRS and OTR.  They would be entitled to enforce those liens against such property and collect whatever they can fetch: a valuation in this adversary proceeding would not cap the amount they could collect.

The request for determinations under § 506(a) will be moot upon a dismissal of the bankruptcy case: the claims of the IRS and OTR will no longer be claims in a pending bankruptcy case. The mootness here is similar to the mootness of a nondischargeability adversary proceeding once the underlying

bankruptcy case has been dismissed. *See Steed v. Educ. Credit Mgmt. Corp. (In re Steed)*, 614 B.R. 395 (Bankr. N.D. Ga. 2020) (Federal courts are "not in the business of issuing advisory opinions that do not 'affect the rights of litigants in the case before' [it] or that merely opine on 'what the law would be upon a hypothetical state of facts.'" *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018), quoted in *Steed*, 614 B.R. at 404. To paraphrase *Steed*, 614 B.R. at 404, this adversary proceeding will no longer present a justiciable § 506(a) issue: that Papardelle might file some bankruptcy case in the future, in which a justiciable § 506(a) issue might arise, will not make the complaint's § 506(a) claim justiciable in this adversary proceeding once no bankruptcy case is pending.

The issues regarding the priority of the IRS's liens versus OTR's liens and the issue of the extent of the liens (what were the assets purchased from Rotini, Inc.) were issues pertinent to making a § 506(a) determination. Once the bankruptcy case is dismissed, § 506(a) will no longer be a justiciable issue warranting determining the extent of the liens and the relative priorities of the liens. The relative priorities of the liens may remain remain an issue between the two creditors who each assert liens against the same assets, "but no reason is apparent why the bankruptcy court's jurisdiction should be invoked to settle a dispute between nondebtor parties with adequate remedies

5

at law." *In re Moseley*, 161 B.R. 382, 384-85 (Bankr. E.D. Tex. 1993). With the § 506(a) claim ceasing to be a justiciable issue, there will be no apparent need after dismissal of the case for Papardelle to obtain an adjudication regarding lien priorities. Similarly, with respect to identifying the specific assets that are subject to the liens for Rotini, Inc.'s tax debts, Papardelle has remedies after a dismissal of the case should one of the defendants seek to enforce its liens against assets of Papardelle that are in fact not subject to the liens.

In any event, the factors pertinent to whether to retain jurisdiction over this adversary proceeding, once the bankruptcy case is dismissed, would weigh in favor of dismissing this adversary proceeding. *See In re Morris*, 950 F.2d at 1535 (listing factors as judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related issues). There will be no issue of judicial economy: the § 506(a) claim would have to be dismissed for mootness. The parties have not briefed the issue of lien priorities: Papardelle's pending motion for summary judgment only requests the court to determine the value of Papardelle's furniture, fixtures, and equipment. There is also the issue of identifying, in addition to furniture, fixtures, and equipment, other assets (such as customer lists and Papardelle's lease of the premises where it operates its restaurant) that are encumbered by the tax

liens.  But Papardelle did not even press that issue in its motion for summary judgment because Papardelle's proposed Chapter 11 plan would have abandoned any such assets to the defendants.  In other words, the parties do not appear to have expended substantial effort on this issue.  That issue can just as conveniently be tried elsewhere, and there is no unfairness in dismissing claims when that dismissal will have no preclusive effect.  Moreover, it is entirely speculative that the IRS or OTR might seize assets that are not subject to the liens for Rotini, Inc.'s tax debts.  Finally, the issues may or may not be difficult, but there is no real legitimate reason to adjudicate those issues now that the bankruptcy case has been dismissed.  In sum, all of the factors weigh in favor of not retaining jurisdiction over this adversary proceeding.

II

ISSUE OF STAYING ADVERSARY
PROCEEDING IF THE CASE IS CONVERTED TO CHAPTER 7

Even if the case is converted to Chapter 7 instead, similar concerns appear to warrant staying the adversary proceeding because the issues it presents may never be pertinent.  The Chapter 7 trustee, who would be in control of the estate, would be free at any time to resume the adversary proceeding if the issues became pertinent.

To elaborate, it may be unnecessary to identify and value Papardelle's assets that are subject to the liens for Rotini,

7

Inc.'s tax debts.  The assets of Papardelle that are subject to tax liens for Rotini, Inc.'s debts will either be abandoned by the Chapter 7 trustee, sold subject to the liens, or sold free and clear of the liens:

- If the assets are abandoned or sold subject to the liens, the IRS and OTR can decide whether to seize assets for a tax levy sale that they believe are subject to their liens.  When such a seizure of an asset occurs, a determination of whether the asset was subject to the liens can be addressed outside of the bankruptcy case: that would be a matter having no impact on the bankruptcy case.  There is no suggestion that prospective purchasers for a sale made subject to the tax liens would be in need of an advance determination of what assets are encumbered by the liens for Rotini, Inc.'s tax debts, but if warranted, the Chapter 7 trustee can seek a ruling identifying the assets that are encumbered by those liens.

- If a sale free and clear of the liens occurs, necessarily the extent of the liens (identifying what property sold was subject to the liens and the value of the property subject to the liens if such property is sold with property not subject to the liens) will be pertinent, and can be adjudicated when the two

creditors seek to enforce their liens against the proceeds. It is speculative whether such a sale free and clear of liens will occur. It would not make sense to adjudicate the identity of the assets that are subject to the liens and their value unless and until there is a sale of assets free and clear of the liens that requires a determination of such issues. And the identity of assets subject to the liens and their value can likely be adjudicated by consent incident to the trustee's sale motion instead of the adversary proceeding.

### III

### CONCLUSION

In light of the foregoing, it is

ORDERED that within 14 days after entry of this order, the parties shall show cause:

(1) why this adversary proceeding ought not be dismissed without adjudicating any of the claims if the bankruptcy case is dismissed; and

(2) why the court ought not stay this adversary proceeding if the bankruptcy case is converted to Chapter 7, and ultimately dismiss this adversary proceeding, without adjudicating any of the claims, unless there is a need for an adjudication incident to a sale motion, regarding what

assets are subject to the liens for Rotini, Inc.'s tax debts or there is a sale of the encumbered assets with unencumbered assets pursuant to a sale made free and clear of the defendants' liens requiring a determination of the amount of the proceeds attributable to the encumbered assets.

[Signed and dated above.]

Copies to: All counsel of record.